IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-02189-M

| | |
|---|---|
| DOUGLAS M. BETTS, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| WARDEN, Piedmont Regional Jail, ) | |
| ) | |
| Respondent. ) | |

On August 7, 2025, Hilda Betts filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of federal pretrial detainee Douglas M. Betts, Jr. See Pet. [D.E. 1].

On August 8, 2025, the court, *inter alia*, found Hilda Betts could not proceed in this action and directed Douglas M. Betts, Jr. to refile his petition on the correct forms. See Order [D.E. 3].

On August 22, 2025, the court received a response from Hilda Betts stating she is the mother of Douglas M. Betts, Jr. and filed this petition because he lacks legal representation, his legal paperwork was confiscated, he has been transferred repeatedly, and he cannot complete the long forms sent by the clerk's office. See [D.E. 4] at 1. Hilda Betts seeks "next friend" recognition and asks that Douglas M. Betts, Jr. be transferred "to his proper jurisdiction [sic]." Id. at 2–3.

On September 2, 2025, the court received another letter from Hilda Betts reiterating that she is the mother of Douglas M. Betts, Jr., noting he is now detained at Brunswick County Jail, and asking that his case be moved to Granville County, North Carolina. See [D.E. 5].

At the time this action was filed, Douglas M. Betts, Jr., was detained at Piedmont Regional Jail. Pet. [D.E. 1]. This facility is in Prince Edward County, Virginia, within the judicial district of the United States District Court for the Eastern District of Virginia. See 28 U.S.C. § 127(a).

Jurisdiction attaches when a § 2241 petition is filed and is not destroyed by a Government-effected transfer and change in physical custodian.[1] See Padilla, 542 U.S. 426, 434–35 (finding that the proper § 2241 respondent generally is the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge"); Kanai, 638 F.3d at 255 ("When a petitioner is physically detained, the custodian generally is the warden of the facility where the petitioner is confined. A habeas petitioner who is physically confined must name this 'immediate custodian' as the habeas respondent, and must file the habeas petition in the 'district of confinement.'" (internal citations omitted)).

For the following reasons, however, the court declines to transfer the action to the United States District Court for the Eastern District of Virginia. See Phillips v. Seiter, 173 F.3d 609, 610–11 (7th Cir. 1999) (noting that, "a court is authorized to consider the consequences of a transfer" by "tak[ing] a peek at the merits" to avoid "rais[ing] false hopes and wast[ing] judicial resources by transferring a case that is clearly doomed"); Manigan v. Felts, No. CIV.A. 5:06-CV-00350, 2007 WL 2470350, at *2 (S.D.W. Va. Aug. 28, 2007) (noting, before transferring a § 2241 petition, a court "must consider the sufficiency of Petitioner's claims to determine whether dismissal or transfer to the jurisdiction who has legal authority to effectuate Petitioner's release is required").

First, the court notes that, after Douglas M. Betts, Jr. was transferred to Brunswick County Detention Center, a detention facility within the court's judicial district, Hilda Betts filed another

---

[1] "[T]he term 'jurisdiction,' as used in the [§ 2241] habeas statute, is distinct from 'the sense of subject-matter jurisdiction of the District Court.'" United States v. Poole, 531 F.3d 263, 270 n.12 (4th Cir. 2008) (quoting Rumsfeld v. Padilla, 542 U.S. 426, 434 n.7 (2004)). Regardless of whether the phrase "jurisdiction" in the § 2241 habeas statute "is better understood as a requirement of personal jurisdiction over a habeas respondent . . . or as a venue provision prescribing the particular location for the filing of a habeas petition . . . neither of these types of requirements addresses the subject-matter jurisdiction of the district courts." Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011); see also Moore v. Olson, 368 F.3d 757, 759–60 (7th Cir. 2004).

2

§ 2241 petition on his behalf raising similar arguments, and this new action remains pending initial review. See Pet. [D.E. 1], Betts v. Parrott, et al., No. 5:25-hc-02211-FL (E.D.N.C. Sept. 18, 2025).

Second, many of the claims in the instant petition either address conditions of confinement, and thus do not sound in habeas corpus, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (distinguishing between habeas petitions and civil rights actions), or otherwise appear unexhausted pursuant to the pending federal criminal case against Douglas M. Betts, Jr., United States v. Betts, No. 5:23-cr-00247-M-RN-4 (E.D.N.C.); see Muhammad v. Holder, No. CA 1:12-25-PMD-SVH, 2012 WL 5457385, at *5 (D.S.C. Sept. 18, 2012) (finding a § 2241 petitioner did not exhaust all remedies available to him before filing his petition because he failed timely to challenge his order of detention pursuant to 18 U.S.C. § 3145), report and recommendation adopted sub nom. Muhammad v. Cannon, No. CA 1:12-25-PMD-SVH, 2012 WL 5457374 (D.S.C. Nov. 8, 2012).

Third, Hilda Betts presently fails to meet her burden of showing that Douglas M. Betts, Jr. is unable to proceed on his own behalf. See Whitmore v. Arkansas, 495 U.S. 149, 163–66 (1990) (finding, for "next friend" standing, proposed "next friend" has burden of establishing the propriety of that status, including, *inter alia*, "an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"); see also Min. Entry [D.E. 406], Betts, No. 5:23-cr-00247-M-RN-4 (E.D.N.C. June 12, 2025) (competency hearing finding Douglas M. Betts, Jr. competent to stand trial); cf. Hamdi v. Rumsfeld, 294 F.3d 598, 603 (4th Cir. 2002) (finding undisputed that Norfolk Naval Station Brig detainee who was captured as an alleged enemy combatant during ongoing military operations in Afghanistan satisfied the "inaccessibility" prong of a "next friend" claim).

Finally, despite the court's prior order directing that this petition be refiled on the forms prescribed for use by the court and warning that failure to do so in the time allowed may result in dismissal of this action without prejudice for failure to prosecute, see Order [D.E. 3], and despite Hilda Betts' acknowledgement that Douglas M. Betts, Jr. received the correct forms, see [D.E. 4] at 2, neither Douglas M. Betts, Jr. nor Hilda Betts refiled the petition on the correct forms and the time to do so has passed, see Ballard v. Carlson, 882 F.2d 93, 95–96 (4th Cir. 1989) (noting that, although *pro se* litigants are "entitled to some deference," "courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders" (citing Fed. R. Civ. P. 41(b))).

In short, it is not in the interest of justice to transfer the action to the United States District Court for the Eastern District of Virginia. See Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004) (finding § 1631 transfer is discretionary, not mandatory); see also Phillips, 173 F.3d at 611; Galloway Farms, Inc. v. United States, 834 F.2d 998, 1001 (Fed. Cir. 1987); cf. United States v. McNeill, 523 F. App'x 979, 984 (4th Cir. 2013) (per curiam) (unpublished); Shaw v. United States, 417 F. App'x 311, 312 (4th Cir. 2011) (per curiam) (unpublished).

Thus, the court: DISMISSES WITHOUT PREJUDICE this petition [D.E. 1]; DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and DIRECTS clerk to close the case.

SO ORDERED this __2d__ day of October, 2025.

Richard E. Myers II
RICHARD E. MYERS II
Chief United States District Judge

4